UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jacquelyn Lombardi and
Christopher Lombardi,

                          Plaintiffs,                    **REPORT AND
                                                          RECOMMENDATION**

          v.                                              15-CV-1047A

United States Postal Service,

                          Defendant.

## I.    INTRODUCTION

The Hon. Richard J. Arcara referred this case to this Court under 28 U.S.C. § 636(b).

(Dkt. No. 5.)  Pending before the Court is a motion (Dkt. No. 2) by defendant United States

Postal Service to dismiss the complaint of *pro se* plaintiffs Jacquelyn and Christopher Lombardi.

Plaintiffs sued defendant in Buffalo City Court, Small Claim Part ("Small Claims Court") over

undelivered wedding invitations.  Specifically, plaintiffs claimed that defendant never told them

that their wedding invitations required extra postage.  The apparent need for extra postage led to

undelivered wedding invitations that returned to plaintiffs, some of which allegedly returned

damaged.  Defendant seeks dismissal on the grounds that plaintiffs did not exhaust administrative

remedies under the Federal Court Claims Act ("FTCA")[1], that sovereign immunity shields it from

liability for ordinary postal services, and that plaintiffs did not execute proper service of process.

Plaintiffs twice have ignored directions from the Court to respond to defendant's motion.

On December 30, 2015, the Court issued a Text Order setting a briefing schedule for defendant's

motion.  (Dkt. No. 7.)  Plaintiffs had until February 2, 2016 to file a response to the motion.  The

---

[1]  60 Stat. 842 (codified as amended in scattered sections of 28 U.S.C.).

Court mailed a copy of the Text Order to plaintiffs' address of record.[2]  (*See* 12/30/2015 docket

entry.)[3]  No response from plaintiffs ever arrived.  Out of an abundance of caution, given

plaintiffs' *pro se* status, the Court issued a second Text Order giving plaintiffs a new response

deadline of March 23, 2016.  (Dkt. No. 8.)  The second Text Order contained an explicit warning

to plaintiffs that "through the pending motion, the Government is seeking to dismiss their case.

Failure to respond may result in the granting of the motion."  (*Id.*)  The Court mailed the second

Text Order to plaintiffs' address of record.  (*See* 3/1/2016 docket entry.)  Again, plaintiffs never

filed a response.

At this point, the Court will deem the motion submitted on papers under Rule 78(b) of

the Federal Rules of Civil Procedure ("FRCP").  For the reasons below, the Court respectfully

recommends granting the motion.

## II.   BACKGROUND

Plaintiffs' failure to respond to the pending motion does not leave the Court with any

background to consider beyond what defendant included with the Notice of Removal and with its

motion papers.  In a Small Claims Court application dated November 16, 2015, plaintiffs chose to

sue defendant for $5,000 based on an incident listed as occurring from August 10, 2015 to the

present.  (*See* Dkt. No. 1 at 7.)  Plaintiffs described the alleged incident as follows:

> After not being informed our wedding invitations needed extra postage, invites
> were sent back 1–5 at a time.  Our wedding was Sept. 26, 2015.  We are still getting
> invites back to this date: they are defaced with writing, stained and ripped.  Some

---

[2] *See* W.D.N.Y. Local Rule 5.2(d) ("The Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice.").

[3] This docket entry, like the one described later in this paragraph, is a staff note viewable by Court staff only.

never made it to their destination at all.  Created chaos, some guests never made it
because of their lack of invite and were offended.  One invite was opened and
subsequently arrived taped.

(*Id.*)  Small Claims Court added the case to the docket for January 5, 2016.  (*Id.* at 9.)  A summons

to defendant issued on November 17, 2015.  (*Id.* at 12.)  When setting an initial schedule for the

pending motion, the Court tried to have plaintiffs clarify "whether they purchased any postal

services beyond a basic service like first-class mail."  (Dkt. No. 7.)

Whatever communications occurred in the background, defendant eventually notified the

U.S. Attorney's Office for this District, which took over legal representation.  Defendant

subsequently removed the case to this Court on December 14, 2015.

Defendant filed the pending motion on December 16, 2015.  Defendant argues first that

the Court lacks subject-matter jurisdiction over plaintiffs' claim due to sovereign immunity.

According to defendant, a claim under the FTCA first requires an administrative claim submitted

to the appropriate federal agency.  Defendant has furnished an affirmation indicating that the

Postal Service Law Department has no record of an administrative tort claim from plaintiffs.  (*See*

Dkt. No. 3 at 7–8.)  Without a prior administrative claim, defendant argues, a waiver of sovereign

immunity is not procedurally possible.  The lack of an administrative claim coincides with the

statutory retention of sovereign immunity under 28 U.S.C. § 2680(b) for "[a]ny claim arising out

of the loss, miscarriage, or negligent transmissions of letters or postal matter."  Defendant argues

additionally that plaintiffs did not serve the United States properly under FRCP 4(i)(1)(B) and

4(i)(2).

3

III.    DISCUSSION

### A.  Motions to Dismiss Generally

"As an initial matter, the Court is mindful that Plaintiffs are proceeding *pro se*, and that

their submissions should thus be held to less stringent standards than formal pleadings drafted by

lawyers.  Moreover, when plaintiffs bring a case *pro se*, the Court must construe their pleadings

liberally and should interpret them to raise the strongest arguments that they suggest.  Still, *pro se*

status does not exempt a party from compliance with relevant rules of procedural and substantive

law."  *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008) (internal

quotation marks and citations omitted).  The Court will assess the pending motion in this context,

"accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in

the plaintiff's favor."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir.

2010) (internal quotation marks and citation omitted).

### B.  Removal from Small Claims Court

Before addressing defendant's arguments, the Court will take a moment to confirm

whether proper removal from Small Claims Court occurred.  Plaintiffs have not addressed this

point at all, but "[t]he failure of a party to object to removal does not confer jurisdiction upon a

federal court and, as subject matter jurisdiction can not be waived, lack thereof must be raised *sua*

*sponte* by the court, because remand is required when the court lacks jurisdiction to hear the case."

*Wallace v. Outokumpu Amer. Brass, Inc.*, No. 99-CV-0009 E, 2000 WL 1335744, at *1 (W.D.N.Y.

Sept. 13, 2000) (Elfvin, J.) (citation omitted).  At its core, the removal principle that applies to this

case is simple.  "Any action that was originally filed in state court may be removed by a defendant

4

to federal court only if the case originally could have been filed in federal court." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (citations omitted).

Here, the case did belong in federal court from the beginning.  The Court has subject-matter jurisdiction over civil cases brought against "[t]he United States or any agency thereof ."  28 U.S.C. § 1442(a)(1) (Westlaw 2016).  Defendant is "an independent establishment of the executive branch of the Government of the United States."  39 U.S.C. § 201.  The phrase "independent establishment" merits a closer look.  "Congress removed the USPS from the political sphere and authorized it to act as an 'independent establishment,' with powers equivalent to a private business enterprise, such as the power to make contracts, keep accounts, and to acquire and lease property. Moreover, apart from the limitations imposed by the Private Express Statutes regarding 'letter mail', 39 U.S.C. ss 601-06, 18 U.S.C. ss 1693-96, the USPS competes with private carriers in the delivery of mail.  We find, therefore, that the claim that the USPS should retain the broad immunity afforded its predecessor simply ignores the responsibilities which attend its new autonomy."  *Beneficial Fin. Co. of N.Y. v. Dallas*, 571 F.2d 125, 128 (2d Cir. 1978) (citations omitted).  Defendant also has the general power "to sue and be sued in its official name."  39 U.S.C. § 401(1).  Nonetheless, the FTCA includes "independent establishments" under its definition of federal agencies when determining the scope of sovereign immunity.  "As used in this chapter and sections 1346(b) and 2401(b) of this title, the term 'Federal agency' includes the executive departments, the judicial and legislative branches, the military departments, *independent establishments of the United States*, and corporations primarily acting as instrumentalities or agencies of the United States . . . ."  28 U.S.C. § 2671 (emphasis added).  Whatever can be said about the

5

exact nature of defendant's status and operations, its inclusion with traditional branches of government in the statutory treatment of federal agencies and sovereign immunity suffices to make it an agency of the United States under 28 U.S.C. § 1442(a)(1). The Court thus is satisfied that it has subject-matter jurisdiction over this case and will proceed to address defendant's arguments for dismissal.

### C. Service of Process

The argument about service of process requires only brief treatment. Had this case commenced directly in this Court, defendant would be correct that plaintiffs did not follow Rule 4(i) and would have needed to do so. Briefly, Rule 4(i) would have required plaintiffs to serve the local U.S. Attorney's Office, the Attorney General in Washington, D.C., and defendant itself. "In advancing this argument, defendant has ignored that the FRCP apply to a civil action *after* it is removed from a state court." *Camizzi v. U.S.*, No. 10-CV-949A, 2011 WL 32562, at *3 (W.D.N.Y. Jan. 5, 2011) (Arcara, J.) (citing FRCP 81(c)(1); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir.2001)); *compare e.g., Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 183 (E.D.N.Y. 2015) ("Where an action is removed to federal court *before* the plaintiff accomplishes service of the initial complaint, Federal Rule of Civil Procedure 4 governs service of process.") (emphasis added) *with USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 259 (E.D.N.Y. 2014) ("When a case is removed from a state court, the federal district court must look to state law to determine whether service of process was valid."). Defendant has made no showing that plaintiffs did not follow the procedural rules for Small Claims Court while the case was there,

and plaintiffs would not have needed to anticipate future application of federal rules.  The Court

consequently rejects defendant's argument that service of process was defective.

### D.  *Sovereign Immunity and the Federal Tort Claims Act*

Defendant's substantive argument about sovereign immunity is another matter.  As

explained before, defendant counts as a federal agency for purposes of the FTCA.  Through the

FTCA, the United States and its agencies have entered a broad waiver of sovereign immunity to

tort liability.  *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of

this title relating to tort claims, in the same manner and to the same extent as a private individual

under like circumstances, but shall not be liable for interest prior to judgment or for punitive

damages.").  The waiver is broad but not without limits.  Among other limits, the United States

does not waive sovereign immunity with respect to "[a]ny claim arising out of the loss, miscarriage,

or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Here, as far as the

Court can tell from the record, plaintiffs' allegations concern wedding invitations sent by first-class

mail.  The invitations would have become "postal matter" once deposited with defendant.  *Cf.*

*Georgacarakos v. U.S.*, 420 F.3d 1185, 1186 (10th Cir. 2005) ("Plaintiff's claims arise out of the loss

of the books and manuscript that the Bureau mailed.  Once mailed, the books and manuscript

became 'postal matter' within the meaning of § 2680(b).  And had these items not been lost,

Plaintiff would have suffered no loss and would have had no claim.  Thus, Plaintiff's claims arise

out of the loss of postal matter and are consequently within the § 2680(b) exception.") (citing

*Marine Ins. Co. v. U.S.*, 378 F.2d 812 (2d Cir.1967) (package of emeralds temporarily diverted from

postal delivery by Bureau of Customs was 'postal matter')).  Regardless of how much postage the

invitations might have required for first-class service, plaintiffs have provided no information indicating that they purchased any additional services, like expedited delivery or postal insurance, that might have constituted a contract with defendant outside the limitations of Section 2680(b). *See Camizzi*, 2011 WL 32562, at *3 n.3 ("[P]laintiff's purchase of insurance, above his purchase of basic mail service, is what avoids sovereign immunity and allows him to attempt any lawsuit against defendant up to value of the insurance purchased."), citing *Azeez v. U.S.*, No. 10-CV-3591 JG MDG, 2010 WL 3310699, at *1 (E.D.N.Y. Aug. 19, 2010) (noting that "if the plaintiff contracts with the Postal Service to send the package via registered mail, he or she may have a breach of contract claim that is not precluded by sovereign immunity").  With no other services in play beyond the ordinary handling of postal matter, Section 2680(b) operates as an absolute legal bar to suit.  That plaintiffs apparently furnished no information to defendant about the claim, apart from the Small Claims Court paperwork, adds an additional factual bar to further litigation.  *Compare Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived.") (citations omitted) *with Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993) ("We understand a plaintiff to have satisfied the notice requirement of section 2675 [28 U.S.C. § 2675(a)] if he or she provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought.").

IV.   **CONCLUSION**

For all of the foregoing reasons, the Court respectfully recommends granting defendant's motion  (Dkt. No. 2).

V.   **OBJECTIONS**

A copy of this Report and Recommendation will be sent to counsel for defendant by electronic filing on the date below.  On the same date, the Court will mail a copy of this Report and Recommendation by first-class mail to the last known address that plaintiffs placed in the docket.  Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

___/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: April 6, 2016