UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELYN LOMBARDI and
CHRISTOPHER LOMBARDI,

                       Plaintiffs,
    v.                                       **DECISION AND ORDER**
                                                    15-CV-1047-A
UNITED STATES POSTAL SERVICE,

                       Defendant.
_____

      *Pro se* Plaintiffs Jacquelyn and Christopher Lombardi are newlyweds who have sued the United States Postal Service for having failed to inform them that their wedding invitations needed extra postage. Invitations to the Plaintiffs' September 26, 2015 wedding were undelivered, delayed, defaced, and mutilated. Some intended guests did not receive an invitation, and were offended. Plaintiffs seek damages of $5,000.

      Plaintiffs filed their *pro se* claims in small-claims court in Buffalo, New York. Defendant Postal Service removed the proceeding to this Court pursuant to the Court's federal-agency removal jurisdiction at 28 U.S.C. § 1442(a)(1), and immediately moved to dismiss for lack of subject-matter jurisdiction.

      The action is before the Court for review of an April 6, 2016 Report and Recommendation of Magistrate Judge Hugh B. Scott that concludes the Court has subject-matter jurisdiction, but recommends dismissal on sovereign immunity grounds. For the reasons that follow, the Court finds instead that it lacks derivative jurisdiction, and grants the motion of Defendant Postal Service under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject-matter jurisdiction.

## DISCUSSION

The April 6, 2016 Report and Recommendation concludes the Court has subject-matter jurisdiction over Plaintiffs' claims removed from small-claims court pursuant to 28 U.S.C. § 1442(a)(1), and recommends that the claims be dismissed as barred by the sovereign immunity of the United States. Dkt. 9, pp. 5-6; *Lombardi v. United States Postal Service*, 2016 WL 1365485 *3 (W.D.N.Y. April 6, 2016) (Scott, M.J.). However, courts never have subject-matter jurisdiction over a claim barred by sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (". . . the terms of consent [of the United States, as sovereign] to be sued in any court define that court's jurisdiction to entertain the suit"). "It is well established that in any suit in which the United States is a defendant, a waiver of sovereign immunity with respect to the claim is a prerequisite to subject matter jurisdiction." *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999) (citations omitted); *see also Petition of Abrams*, 134 Misc.2d 841, 846 (N.Y. Sup. Ct. 1986).

It is also well established that suits against the United States Postal Service are suits against the United States. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484-85 (2006). "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Id*. at 1256 (citing *Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741 (2004); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Accordingly, the Court lacks subject-matter jurisdiction over claims against the Defendant Postal Service unless the claims are within an express waiver of the sovereign immunity of the United States.

The Report and Recommendation erroneously concluded the Court has subject-matter jurisdiction over the action because the claims against Defendant Postal Service were removed pursuant to the Court's federal-agency removal jurisdiction at 28 U.S.C. § 1442(a)(1).  Dkt. 9, pp. 4-6; *Lombardi v. United States Postal Service,* 2016 WL 1365485 *3  (W.D.N.Y. April 6, 2016) (Scott, M.J.).  But § 1442(a)(1) neither waives sovereign immunity nor provides an independent basis for subject-matter jurisdiction. *See generally* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3726 (4th ed. 2015).[1]  And under the derivative jurisdiction doctrine, the Court lacks subject-matter jurisdiction over any action if the court from which the action was removed pursuant to § 1442(a)(1) lacked subject-matter jurisdiction.  *Mooney v. G.A.C. Realty Corp.,* 2015 WL 1010486, *3 (W.D.N.Y. March 5, 2015) ("[D]istrict courts within the Second Circuit have routinely and unanimously held that the derivative jurisdiction doctrine remains applicable to cases removed under section 1442(a)(1), the removal statute utilized in this case.")

The specific allegations of the *pro se* Plaintiffs in their small-claims pleading are:

> [a]fter not being informed our wedding invitations needed extra postage, invites were sent back 1-5 at a time.  Our wedding was Sept. 26, 2015.  We are still getting invites back to this date:  they are defaced with writing, stained +ripped.  Some never made it to their destination at all.  Created chaos, some guests never made it because of their lack of invite + were

---

[1]  The Report and Recommendation overlooked that removal pursuant to 28 U.S.C. § 1442(a)(1) is an exception to the general rule that state court actions can be removed to federal court only if they allege a claim that could have been brought in federal court within a grant of original jurisdiction.  Dkt. No. 9, pp. 4-5; *see e.g., Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138 (2d Cir. 2008); *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . .").

>  offended.  One invite was opened + subsequently arrived taped.

Dkt. No. 1, Ex. 1 A.  Plaintiffs jointly claim $5,000 in damages. *Id.*

Because Plaintiffs seek money damages for injuries allegedly caused by a wrongful failure of Defendant Postal Service to inform them extra postage was required for their wedding invitations, the allegations sound in tort.  Tort claims against the United States are within the Court's subject-matter jurisdiction only if they are within the waiver of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA").  *See e.g.*, *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484-85 (2006).  There are three reasons Plaintiffs' claims are not within the waiver of sovereign immunity in the FTCA, and not within this Court's derivative jurisdiction.

First, § 2680(b) of the FTCA expressly excludes from the waiver of sovereign immunity claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  *Id.; but see, Raila v. United States,* 355 F.3d 118 (2004) (allegations of negligent placement of a package causing a slip and fall injury not barred).  Section 2680(h) similarly excludes from the waiver claims "arising out of . . . misrepresentation, . . . or interference with contract rights . . . ." *Id.*; *see e.g., Block v. Neal,* 460 U.S. 289, 296 (1983) ("Section 2680(h) thus relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements.")  In light of these provisions, the claims of Plaintiffs that Defendant Postal Service failed to inform Plaintiffs their wedding invitations needed extra postage are excluded from the waiver of the sovereign immunity in the FTCA. Plaintiffs' claims are therefore barred by sovereign immunity, and both the small claims court and this

Court lack subject-matter jurisdiction. *See Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Deve.*, 175 F.3d at 139 (2d Cir. 1999); *Mooney v. G.A.C. Realty Corp.*, 2015 WL 1010486, *3 (W.D.N.Y. March 5, 2015).

Second, as Defendant Postal Service pointed out, exhaustion of administrative remedies is a prerequisite to the waiver of sovereign immunity in the FTCA, and a prerequisite to subject-matter jurisdiction over an FTCA claim. *See* Dkt. No. 4, pp. 5-6 (citing Dkt. No. 3, ¶ 5, Ex. B). "The [FTCA's] limitations foreclose suit unless the tort claimant has previously presented to the appropriate administrative agency a claim that meets the specific statutory requirements as to its form, content, and timing." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (discussing 28 U.S.C. § 2675(a)). Plaintiffs failed to present an administrative claim to Defendant Postal Service for their alleged damages. Dkt. No. 3, ¶ 5, Ex. B.[2] For this additional reason, the small-claims court lacked subject-matter jurisdiction over Plaintiffs' claims, and this Court lacks derivative jurisdiction.

Finally, federal district courts have exclusive jurisdiction over FTCA claims against the United States. 28 U.S.C. § 1346(b). *See generally Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 80 (2d Cir. 2005) ("The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for . . . personal injury or death 'caused by the negligent or wrongful act or omission of any employee of the Government while acting

---

[2] The Court may consider matters outside the pleadings when assessing subject-matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

within the scope of his office or employment.' " (quoting 28 U.S.C. § 1346(b)(1))). The small-claims court therefore lacked subject-matter jurisdiction over Plaintiffs' tort claims. Because the court from which this action was removed under 28 U.S.C. § 1442(a)(1) lacked subject-matter jurisdiction, this Court lacks derivative jurisdiction. *See e.g.*, *Mooney v. G.A.C. Realty Corp.*, 2015 WL 1010486, *3 (W.D.N.Y. March 5, 2015); *see also In re Backer,* No. 10 Civ. 0862, 2010 WL 2816789, at *9 (S.D.N.Y. July 16, 2010).

Plaintiffs did not respond to the motion filed by Defendant Postal Service pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject-matter jurisdiction. The Magistrate Judge ordered Plaintiffs to respond to the Defendant's motion. After Plaintiffs failed to respond, the Magistrate Judge gave Plaintiffs additional time out of concern for their *pro se* status. He cautioned Plaintiffs their action could be dismissed if they failed to respond. Plaintiffs still did not respond.

The Report and Recommendation further cautioned the Plaintiffs that failure to object could waive their objections to the recommendation to dismiss the action. Dkt. No. 9, p. 9. Plaintiffs have not timely responded or objected to the Report and Recommendation. It appears they have abandoned their claims.

Nevertheless, *pro se* claims are interpreted "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 346 (2014). The Court has therefore considered whether the claims in Plaintiffs' small-claims pleading may qualify as contract-based claims for a postage refund under the Little Tucker Act at 28 U.S.C. § 1346(a)(2). *See Blanc v.*

*United States Postal Service*, No. 14-CV-1404 (ARR), 2014 WL 931220 *2 (S.D.N.Y. 2014) (*pro se* plaintiff's explicit allegation of an invalid tort theory of recovery for failure to deliver mail matter construed liberally also to allege a Little Tucker Act claim); *see also Krue v. West Seneca Branch Post Office*, 15-CV-921-A*,* slip op. at 5-6 (March 9, 2016) (regarded as removed pursuant to 28 U.S.C. § 1441).  However, the waiver of sovereign immunity in the Little Tucker Act is exclusive to claims brought in federal district courts or the Court of Federal Claims.  28 U.S.C. § 1346(a); *see United States v. Bormes*, 133 S.Ct. 12, 16 n.2 (2012).  The Court therefore lacks derivative jurisdiction over a Little Tucker Act postage-refund claim removed from state court pursuant to 28 U.S.C. § 1442(a)(1).[3]

## CONCLUSION

For the reasons stated above, the Court does not adopt the April 6, 2016 Report and Recommendation (Dkt. No. 9), and grants the motion of the United States Postal Service to dismiss (Dkt. No. 2) for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  The Clerk shall close the case.

**SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  April 22, 2016

---

[3] A federal court has an independent duty to determine whether it has subject-matter jurisdiction, regardless of the parties' positions.  *See e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Because the Court dismisses for lack of derivative jurisdiction, the Court finds its obligation to remand to state court under 28 U.S.C. § 1447(c) is moot.  *But see Hexamer v. Foreness*, 981 F.2d 821 (5th Cir. 1993) (reversing dismissal for lack of subject-matter jurisdiction with instructions to remand pursuant to 28 U.S.C. § 1447(c)).